**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**TRAVELERS CASUALTY INSURANCE COMPANY,**

                        **Plaintiff/Counter-Defendant,**

v.

**ERIE INSURANCE COMPANY,**

                        **Defendant/Counter-Claimant**

                        **23-CV-00287-JLS-HKS**

---

## REPORT, RECOMMENDATION & ORDER

This case was referred to the undersigned by the Hon. John L. Sinatra, Jr., pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #6.

This is an insurance coverage dispute in which plaintiff Travelers Casualty Insurance Company ("Travelers") seeks a declaration that defendant Erie Insurance Company ("Erie") owes a duty to defend and indemnify in an underlying action against one of Travelers' insureds.

Currently before the Court is Travelers' motion for summary judgment. Dkt. #12. Erie has not opposed the motion.[1]

---

[1] "Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *500 West 43RD*

~ 1 ~

## BACKGROUND

*Relevant Agreements*

Travelers issued primary and excess insurance policies to its client, 600 Cayuga Road in Cheektowaga, New York ("600 Cayuga"), with both policies being in effect between March 31, 2018 and March 31, 2019. Dkt. #12-2, ¶ 6.

Previously, on October 12, 2007, 600 Cayuga entered into a lease agreement with Plastic Bottles, Inc. ("PBI"). The PBI lease provides, in relevant part:

> Tenant will take good care of the demised premises, fixtures and appurtenances, and all alterations, additions and improvements to either, make all repairs in and about the same necessary to preserve them in good order and condition. . .(except those requiring structural alterations). . . [and] **forever indemnify and save harmless the Landlord for and against any and all liability, penalties, damages, expenses and judgments arising from injury during said term to persons or property of any nature, occasioned wholly or in part by any act or acts, omission or omissions of the Tenant, or of the employees, guests, agents, assigns or undertenants of the Tenant and also for any matter or thing growing out of the occupation of the demised premises or of the streets, sidewalks or vaults adjacent thereto.**

Dkt. #12-7, p. 2 (emphasis added). The lease further required that 600 Cayuga be added as an additional insured to PBI's insurance until the end of the lease term. *Id.* at p. 4.

---

*Street Realty, LLC v. Thukral*, 23-cv-09510 (LJL), 2024 WL 4555821, at *1 (S.D.N.Y. Oct. 23, 2024) (citation and internal quotation marks omitted).

Erie issued a primary policy to PBI with a policy period of March 9, 2018 to March 9, 2019. Dkt. #12-10. This policy contains three relevant endorsements. First, the Commercial Liability Coverage Part provides that the policy is "primary and non-contributory as respects any other insurance policy issued to the additional insured" where required by written contract or agreement. Dkt. #12-10, p. 50.

Second, the Commercial General Liability Coverage Form adds as additional insureds: "The person or organization who owns, maintains, or uses that part of the premises leased to you, but only with respect to their liability arising out of the premises leased to you." Dkt. #12-10, p. 118.

Third, the Erie policy contains an endorsement titled "Additional Insured— Owners, Lessees or Contractors." Dkt. #12-10, p. 172. Coupled with the attached declaration, this endorsement adds 600 Cayuga as an additional insured with respect to liability for "bodily injury" caused, in whole or in part, by PBI's acts or omissions or the acts of omissions of those acting on its behalf. *Id.*

On September 18, 2018, 600 Cayuga entered into a Services Agreement with Patriot Snowplow and Lawn Care ("Patriot") for lawn and snow maintenance on its premises. Dkt. #12-5. This agreement directed Patriot not to apply de-icing agents at the premises. *Id.* at p. 5.

***The Underlying Claim***

On February 13, 2019, an employee of PBI, David Nehrboss ("Nehrboss"), fell on ice near the entrance to PBI's offices at 600 Cayuga. Dkt. #12-2, ¶ 1. The fall occurred approximately 10 feet from the entrance. Dkt. #12-2, ¶ 12.

As of the date of Nehrboss's fall, all tenants of 600 Cayuga were responsible for snow and ice in the areas immediately outside their entrances. Dkt. #12-2, ¶ 20. PBI employees testified that they had been routinely shoveling and salting the area where the fall occurred since at least 2003. Dkt. #12-2, ¶¶ 13, 15, 18. PBI purchased the salt and stored it, along with a spreader, inside the doorway leading to its offices. Dkt. #12-2, ¶¶ 16, 19.

Neither Patriot, nor any other vendor or contractor, salted the area where Nehrboss fell. Dkt. #12-2, ¶ 14.

Nehrboss filed suit against 600 Cayuga on January 19, 2021 in the Supreme Court of New York, Erie County, seeking damages for personal injuries he incurred in the fall. Dkt. #12-6.

On March 7, 2021, Travelers wrote to PBI and its insurance agent demanding that PBI or its insurer provide a defense and indemnity against Nehrboss's suit. Dkt. #12-11. In the meantime, Travelers notified 600 Cayuga that it had appointed counsel to defend it in the *Nehrboss* matter. Dkt. #12-12.

On March 25, 2021, Erie rejected Travelers' tender request, stating that 600 Cayuga was not listed as an additional insured on PBI's Erie policy; that 600 Cayuga was responsible for snow and ice removal of the area in question; and that the parking lot was not part of the "premises" leased by PBI. Dkt. #12-13. Thereafter, Travelers filed a third-party complaint against Erie in the *Nehrboss* action. Dkt. #12-14.

On November 28, 2022, Travelers again wrote Erie demanding defense and indemnification, stating that it was now in receipt of the Erie policy and quoting its provisions. Dkt. #12-15. Subsequent correspondence between December 21, 2022 and January 19, 2023, resulted in Erie's continued denial of Travelers' demands that the insurer defend the *Nehrboss* action. Dkt. ##12-16, 12-17, 12-18, 12-19.

On March 1, 2023, Travelers filed a declaratory judgment action against Erie in state court. Dkt. #12-21. Erie removed the matter to this Court on March 30, 2023, invoking the Court's diversity jurisdiction. Dkt. #1. Erie then filed an Answer and Counterclaim. Dkt. #5.

## **DISCUSSION AND ANALYSIS**

### **Summary Judgment**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "In reaching this determination, the court must assess whether there are any material factual issues to be tried while resolving ambiguities and drawing reasonable inferences against the moving party." *Thomas v. Irvin*, 981 F. Supp. 794, 798 (W.D.N.Y. 1997) (internal citations omitted).

A fact is "material" only if it has some effect on the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *see Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991).

Once the moving party has met its burden of "demonstrating the absence of a genuine issue of material fact, the nonmoving party must come forward with enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely upon a 'metaphysical doubt' concerning the facts, or on the basis of conjecture or surmise." *Bryant*, 923 F.2d at 982 (internal citations omitted). A party seeking to defeat a motion for summary judgment

> must do more than make broad factual allegations and invoke the appropriate statute. The [party] must also show, by affidavits or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure, that there are specific factual issues that can only be resolved at trial.

*Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995).

### **New York Insurance Law**

"Insurance policies are, in essence, creatures of contract, and, accordingly, subject to principles of contract interpretation." *Travelers Prop. Cas. Co. of Am. v. Harleysville Worcester Ins. Co.*, 685 F. Supp.3d 187, 200 (S.D.N.Y. 2023) (citations and internal quotation marks omitted). "Under New York law, the interpretation of a contract is a matter of law for the court to decide." *Id.*

The duty to defend is "exceedingly broad." *Id.* "[T]he insurer's duty to provide a defense is invoked whenever the allegations in a complaint against the insured fall within the scope of the risks undertaken by the insurer, regardless of how false or groundless those allegations might be." *Id.*

Thus, "the general rule in determining whether an insurer has a duty to defend is to compare the allegations of the complaint with the operative insurance policy." *Id.* "If the allegations of the complaint are even potentially within the language of the insurance policy, there is a duty to defend." *Id.* at 201 (citations and internal quotation marks omitted). *See also Peerless Ins. Co. v. Tech. Ins. Co., Inc.*, 392 F. Supp.3d 313,

316 (E.D.N.Y. 2019) (noting that "an insurer has a duty to defend its insured if the allegations in, for example, a personal injury action arising from an alleged accident, are even potentially within the language of the insurance policy") (citations and internal quotation marks omitted).

In determining "whether a third party is an additional insured under an insurance policy, a court must ascertain the intention of the parties to the policy, as determined from *within the four corners of the policy itself*." *Travelers*, 685 F. Supp. 3d at 202-203 (citations and internal quotation marks omitted).

### Application

#### *Duty to Defend*

The Court concludes, as a matter of law, that Erie owes 600 Cayuga a duty to defend in the *Nehrboss* action.

First, the lease between 600 Cayuga and PBI unambiguously required PBI to add 600 Cayuga as an additional insured on its policy during the pendency of the lease. Dkt. #12-7, p. 4.

Consequently, the Commercial General Liability Coverage Form adds as additional insureds: "The person or organization who owns, maintains, or uses that part of the premises leased to you, but only with respect to their liability arising out of the

premises leased to you." Dkt. #12-10, p. 118. Under this unambiguous policy language, 600 Cayuga is thus an additional insured.[2]

"It is of no moment. . .that the named insured. . .was not named in the [underlying] complaint" because insurers may not use the "four corners of the complaint" rule to narrow the scope of their duty to defend. *Travelers*, 685 F. Supp.3d at 207 (citation and internal quotation marks omitted). Thus, even though PBI was not named a defendant in the *Nehrboss* action, the duty to defend may arise where "the insurer has actual knowledge of facts demonstrating that the lawsuit does involve [a covered] occurrence." *Id.*

As early as January 19, 2023, Travelers informed Erie of the testimony given by PBI employees during discovery in the *Nehrboss* case that PBI had regularly performed the snow and ice removal in the area where Nehrboss fell. Dkt. #12-19. Thus, the reasonable possibility that PBI could be partly liable for Nehrboss's injury is sufficient to trigger Erie's duty to defend. *Travelers*, 685 F. Supp.3d at 208.[3] *See also Town Plaza of Poughquag, LLC v. Hartford Ins.*, 175 F. Supp.3d 93, 99 (S.D.N.Y. 2016) (where evidence creates "reasonable possibility" that tenant could be liable for acts covered by its insurance policy, insurer also had duty to defend additional-insured lessor).

---

[2] The Court thus need not consider the other policy provisions invoked by Travelers.

[3] This is true even thought PBI, as Nehrboss's employer, may be statutorily immune from tort liability arising out of its employees' work-related injuries. *Id.* at 207.

Finally, the Court concludes that even if the lease did not define as part of the leased "premises" the parking lot area where Nehrboss fell, "New York courts have repeatedly held that, in the context of liability disputes," adjacent areas "necessarily used for access in and out of the premise. . .[are] considered, by implication part of the premises." *Peerless*, 392 F. Supp.3d at 318 (citations and internal quotation marks omitted).

Therefore, it will be recommended that Travelers' motion for summary judgment be granted with respect to Erie's duty to defend.

### *Duty to Indemnify*

"The duty to indemnify is unquestionably narrower than the duty to defend." *Gibraltar Home Improvements, Inc. v. Rockingham Ins. Co.*, 22-CV-1805 (SIL), 2024 WL 4287227, at *13 (E.D.N.Y. Sept. 25, 2024) (citations and internal quotation marks omitted). "As a result, courts in the Second Circuit generally deny the indemnification portions of declaratory judgment and summary judgment actions, where, as here, there is no determination as to liability in an underlying state court action reflected in the record." *Id. See also Travelers*, 685 F. Supp.3d at 216 ("Similarly, ruling on indemnity would encroach on the state court's jurisdiction to determine liability for the state law claims [in the] underlying action and potentially create *res judicata* issues.").

Here, there is no evidence in the record concerning the status of Nehrboss's state court action against 600 Cuyahoga. Accordingly, it will be recommended that

Travelers' motion for summary judgment be denied without prejudice with respect to its claim for indemnification against Erie. *See id.*

### **CONCLUSION**

For the foregoing reasons, it is recommended that Travelers' motion for summary judgment (Dkt. #12) be granted as to Travelers' claim for duty to defend and denied without prejudice as to Travelers' claim for indemnification. It is further recommended that Travelers be ordered to file a status report every 90 days advising the Court of the progress and/or outcome of the underlying state court action.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed .R. Civ. P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the

magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

DATED:   Buffalo, New York
         November 14, 2024

                                       <u>s/ H. Kenneth Schroeder, Jr.</u>
                                       **H. KENNETH SCHROEDER, JR.**
                                       **United States Magistrate Judge**